UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ELIJAH NAHUM SIMMONS,

Movant,

v.                         6:11-cv-83

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Movant Elijah Nahum Simmons ("Simmons") filed this 28 U.S.C. § 2255 motion, alleging, among other grounds, ineffective assistance of counsel. *See* Doc. 1. Simmons claims that his counsel rendered ineffective assistance by failing to file a notice of appeal despite Simmons's request to do so. *See id.* at 6. The Government does not dispute that Simmons asked for but was denied an appeal.

If an attorney acts contrary to his client's wishes in failing to file a notice of appeal, "prejudice is to be presumed, and [the client] is entitled to an out-of-time appeal." *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005). Even a defendant who has signed an appeal waiver and cannot articulate arguably meritorious grounds that would fit within exceptions listed in the waiver is entitled to such an appeal. *See id.*

As the Magistrate Judge noted, Simmons's predicament is analogous to another case recently before this Court. *See Roberson v. United States*, 2011 WL 6032962 (S.D. Ga. Nov. 30, 2011).

Roberson pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base. *See id.* at *1. Roberson had waived his right to appeal the conviction and sentence, as well as the right to collaterally attack the sentence in any post-conviction proceeding, unless "by variance or upward departure, the sentence [was] higher than the advisory sentencing guideline range as found by the sentencing court." *Id.* This Court departed upwards from the sentencing guidelines, and Roberson then asked his attorney to appeal. *See id.* Counsel, however, filed the notice of appeal late. *See id.* Roberson filed his § 2255 motion to attack his attorney's failure to appeal properly. *See id.*

The Court granted Roberson the relief he sought for two reasons. The first was that the language of the collateral attack waiver in the plea agreement did not cover Roberson's § 2255 motion. *See id.* at *2.

The second was that Roberson had a right to file an appeal despite the language of the waiver. *See id.* at *2; *Gomez-Diaz*, 433 F.3d at 793. Accordingly, the Court concluded that Roberson should be able to challenge his attorney's failure to exercise that particular right and only that particular right (*i.e.*, the right to file an appeal) despite language in his waiver forbidding collateral challenges. *See Roberson*, 2011 WL 6032962, at *3.

Neither reason permits collateral attacks on any other ground. The Court also notes that Simmons's ability to file an appeal does not mean that he has gotten around the waiver. *See United States v. Magana-Herrera*, 2012 WL 952297, at *1 (11th Cir.

Mar. 21, 2012) (applying appeal waiver to dismiss grounds of appeal not excepted from the waiver).

Because Simmons asked for and did not receive an appeal from his counsel, both of these reasons are applicable here and permit Simmons to file a collateral attack. Accordingly, the Court applies this same reasoning to Simmons's case and determines, as concluded by the Magistrate Judge, that, at this time, Simmons is entitled to relief *only* on his attorney's failure to file an appeal at his request.

With this understanding of the *Roberson* decision, the Court **VACATES** its January 23, 2012 Order adopting the Magistrate Judge's Report and Recommendation ("R&R") and substitutes this opinion **ADOPTING** the R&R.

The Eleventh Circuit has established a procedure for district courts to follow upon allowing out-of-time appeals as a 28 U.S.C. § 2255 remedy:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court **VACATES** Simmons's Judgment in his criminal case. *See United States v. Simmons*, 6:10-cr-1, Doc. 151 (S.D. Ga. July 16, 2010). The Court **ORDERS** the Clerk of the Court to enter a new Judgment imposing the same terms as originally imposed, identical in all respects to the original Judgment, save only for the date of entry.

The Court specifically advises Simmons that the entry of the new judgment creates a fourteen-day period within which Simmons may prosecute a direct appeal of his criminal conviction. Thus, Simmons has fourteen (14) days from the date of the reimposition of his sentence to file a timely appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i). The Clerk is **DIRECTED** to make arrangements for the appointment of counsel.

This 23rd day of April 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA